# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# JONESBORO DIVISION

JAMIE A. McPHERSON, ADC # 115330                                                      PLAINTIFF

v.                                          3:15CV00262-BRW-JJV

RON MARTIN, Poinsett County Jail; *et al.*                                          DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Billy Roy Wilson. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.   Why the record made before the Magistrate Judge is inadequate.

2.   Why the evidence proffered at the hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.   The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial

evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

Jamie A. McPherson ("Plaintiff") filed this action *pro se* and pursuant to 42 U.S.C. § 1983. (Doc. No. 2.) He raises several alleged violations of his rights, namely that: (1) Defendant Ron Martin is using unspecified influence to encourage Plaintiff to commit suicide; (2) Defendants Martin and Becky Hitt are "crucialiseing" Plaintiff and using him for "amper uper"; (3) Defendant Justin Kimble "took [Plaintiff's] mind over", causing a previously filed case to be dismissed; and (4) Defendants Martin and Kimble have been taking and selling Plaintiff's enzymes. (Doc. No. 2 at 4-6.)[1]

After completion of the mandated screening process,[2] I find that these claims should be dismissed. Plaintiff has failed to plead sufficient facts which would indicate that these claims are plausible or conceivably grounded in reality. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face."); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (a complaint must offer more than an "unadorned, the-defendant-unlawfully-harmed-me

---

[1]In March 2013, Plaintiff filed a case which raised similar allegations. *See McPherson v. Tamberlan*, *et al.*, 3:13-CV-00082-DPM. That case was dismissed without prejudice for failure to state a claim. *Id*. at Doc. No. 20.

[2]The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. Sect. 1915A(a).

accusation").

        IT IS, THEREFORE, RECOMMENDED that:

        1.      Plaintiff's Complaint (Doc. No. 2) be DISMISSED without prejudice for failure to state a claim upon which relief may be granted.

        2.      Dismissal of this action count as a "strike" for purposes of 28 U.S.C. § 1915(g).[3]

        3.      The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting these recommendations would not be taken in good faith.

        Dated this 3rd day of September, 2015.

                                                      _____
                                                      JOE J. VOLPE
                                                      UNITED STATES MAGISTRATE JUDGE

---

[3] Title 28 U.S.C. § 1915(g) provides that: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted . . . ."